Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAY 1 2 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

*ANGEL MOORMAN*

*Your full name*

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

v.

*C. WADLOW ; A. ROSE ;*

*N. AUSTIN ; M. BAUGHMAN ;*

*ZACCONE*

Civil Action No.: *5:20 CV 93*
*(To be assigned by the Clerk of Court)*

*Bailey*
*Mazzone*
*Blalock*

*Enter above the full name of defendant(s) in this action*

## I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.    PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Name of Plaintiff: *ANGEL MOORMAN*    Inmate No.: *74306-067*
Address: *UNITED STATES PENITENTIARY—CANAAN*
*POST OFFICE BOX 300, WAYMART, PA 18472*

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

Attachment A

B.    Name of Defendant:   *C. WADLOW*
      Position:   *CORRECTIONAL OFFICER*
      Place of Employment:   *FCI-HAZELTON , FEDERAL BUREAU OF PRISONS*
      Address:   *1640 SKYVIEW DRIVE*
                 *BRUCETON MILLS , WEST VIRGINIA  26525*

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?        ☑ Yes        ☐ No

      If your answer is "YES," briefly explain: *HE WAS WORKING AS A*
      *FEDERAL CORRECTIONAL OFFICER IN HIS OFFICIAL AND*
      *INDIVIDUAL CAPACITY WITH THE BUREAU OF PRISONS AT THE*
      *TIME.*

B.1   Name of Defendant:   *A. ROSE*
      Position:   *CORRECTIONAL OFFICER*
      Place of Employment:   *FCI-HAZELTON , FEDERAL BUREAU OF PRISONS*
      Address:   *1640 SKYVIEW DRIVE*
                 *BRUCETON MILLS , WEST VIRGINIA  26525*

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?        ☑ Yes        ☐ No

      If your answer is "YES," briefly explain: *HE WAS WORKING AS A*
      *FEDERAL CORRECTIONAL OFFICER IN HIS OFFICIAL AND INDIVIDUAL*
      *CAPACITY WITH THE BUREAU OF PRISONS.*

B.2   Name of Defendant:   *N. AUSTIN*
      Position:   *CORRECTIONAL OFFICER*
      Place of Employment:   *FCI-HAZELTON , FEDERAL BUREAU OF PRISONS*
      Address:   *1640 SKYVIEW DRIVE*
                 *BRUCETON MILLS , WEST VIRGINIA  26525*
      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?        ☑ Yes        ☐ No

Attachment A

If your answer is "YES," briefly explain: HE WAS WORKING AS A FEDERAL CORRECTIONAL OFFICER IN HIS OFFICIAL AND INDIVIDUAL CAPACITY WITH THE BUREAU OF PRISONS.

B.3   Name of Defendant: M. BAUGHMAN
Position: CORRECTIONAL OFFICER
Place of Employment: FCI-HAZELTON, FEDERAL BUREAU OF PRISONS
Address: 1640 SKYVIEW DRIVE
BRUCETON MILLS, WEST VIRGINIA 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes     ☐ No

If your answer is "YES," briefly explain: HE WAS WORKING AS A FEDERAL CORRECTIONAL OFFICER IN HIS OFFICIAL AND INDIVIDUAL CAPACITY WITH THE BUREAU OF PRISONS.

B.4   Name of Defendant: ZACCONE (FIRST NAME/INITIAL UNKNOWN)
Position: CORRECTIONAL OFFICER
Place of Employment: FCI-HAZELTON, FEDERAL BUREAU OF PRISONS
Address: 1640 SKYVIEW DRIVE
BRUCETON MILLS, WEST VIRGINIA 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes     ☐ No

If your answer is "YES," briefly explain: SHE WAS WORKING AS A FEDERALLY-EMPLOYED OFFICER IN HER OFFICIAL AND INDIVIDUAL CAPACITY WITH THE BUREAU OF PRISONS.

Attachment A

B.5   Name of Defendant: _____

Position: _____

Place of Employment: _____

Address: _____

_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes          ☐ No

If your answer is "YES," briefly explain: _____

_____

_____

_____

_____

III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _CANAAN / UNITED STATES PENITENTIARY_

A.   Is this where the events concerning your complaint took place?
☐ Yes          ☑ No

If you answered "NO," where did the events occur?
_FCI - HAZELTON ( BRUCETON MILLS, W. VIRGINIA )_

B.   Is there a prisoner grievance procedure in the institution where the events occurred?          ☑ Yes          ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
☑ Yes          ☑ No

D.   If your answer is "NO," explain why not: _I TRANSFERRED TO ANOTHER PRISON, SO I PURSUED THE GRIEVANCE PROCEDURE AT NEW LOCATION._

E.   If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:** SEE ATTACHMENTS

LEVEL 1 DENIED (RESPONSE FOR INFORMATIONAL PURPOSES) #-977959-F1

LEVEL 2 DENIED (RESPONSE FOR INFORMATIONAL PURPOSES) #-977959-R1

LEVEL 3 DENIED (RESPONSE FOR INFORMATIONAL PURPOSES) #-977959-A2

IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?          ☐ Yes     ☑ No

B.   If your answer is "YES", describe each lawsuit in the space below.  If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

2.   Court: _____
*(If federal court, name the district; if state court, name the county)*

3.   Case Number:_____

4.   Basic Claim Made/Issues Raised: _____
_____
_____
_____

5.   Name of Judge(s) to whom case was assigned:
_____

6.   Disposition: _____
*(For example, was the case dismissed?  Appealed?  Pending?)*

7.   Approximate date of filing  lawsuit:_____

8.      Approximate date of disposition. Attach Copies:_____

C.      Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
            ☐ Yes        ☐ No

D.      If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought.

_____
_____
_____
_____

E.      Did you exhaust available administrative remedies?
            ☑ Yes        ☐ No

F.      If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted.

_____
_____
_____
_____
_____

G.      If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.      Parties to previous lawsuit:

**Attachment A**

Plaintiff(s):  _____

Defendant(s):  _____

2.     Name and location of court and case number:

_____

_____

_____

3.     Grounds for dismissal:   ☐ frivolous     ☐ malicious
       ☐ failure to state a claim upon which relief may be granted

4.     Approximate date of filing lawsuit:  _____

5.     Approximate date of disposition:  _____

## V.     STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  Describe what each defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1:  DEFENDANTS VIOLATED MY EIGHTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY VIRTUE OF USING EXCESSIVE FORCE AGAINST MY PERSON.

Supporting Facts: (1) ON DECEMBER 22, 2018 I WAS PLACED IN THE PRISON'S SPECIAL HOUSING UNIT ("SHU") FOR ALLEGEDLY POSSESSING CONTRABAND (TOBACCO). THE ALLEGATIONS WERE MADE BY THE

**Attachment A**

NAMED) DEFENDANT, C. WADLOW, ON DECEMBER 28, 2018 I
WAS RELEASED FROM SHU AND RETURNED TO L-1 UNIT WITHOUT
THE CONTRABAND REPORT BEING PROCESSED (2) ON DECEMBER
29, 2018 AT APPROXIAMENTLY 9:01 AM I UNPACKED MY PERSONAL
(SEE ATTACHED PAGES FOR CONTINUATION ) @ pgs. 16-1 to 16-4.

CLAIM 2: _____
_____
_____
_____
_____

Supporting Facts: _____
_____
_____
_____
_____

CLAIM 3: _____
_____
_____
_____
_____

Supporting Facts: _____
_____
_____
_____
_____

CLAIM 4: _____
_____
_____
_____
_____

Supporting Facts: _____
_____

**Attachment A**

_____
_____
_____

CLAIM 5: _____
_____
_____
_____
_____

Supporting Facts: _____
_____
_____
_____
_____

## VI. INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

I WAS DECLARED "DEAD" AND HAD TO BE REVIVED BY MEDICAL STAFF. MY LEFT EYE WAS BRUISED AND SWOLLEN FOR THREE DAYS. I OBTAINED OPEN-FLESH WOUNDS ON MY LEFT ARM. MY JAWBONE WAS DISLOCATED. ADDITIONALLY I HAVE BEEN CONSULTING PSYCHOLOGICAL THERAPY FOR POST-TRAMATIC STRESS SYMPTOMS.

## VII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. _Make no legal arguments. Cite no cases or statutes._

GRANT A DECLARATION THAT THE ACTS OF DEFENDANTS VIOLATED MY EIGHTH AMENDMENT RIGHTS; GRANT COMPENSATORY AND PUNITIVE DAMAGES IN THE TOTAL AMOUNT OF ($25) TWENTY-FIVE MILLION DOLLARS; JURY TRIAL ON ALL TRIABLE ISSUES; GRANT RECOVERY OF DEFENDANTS COST IN THIS SUIT; AND ANY OTHER RELIEF THE COURT DEEMS JUST, PROPER, AND EQUITABLE.

property and browsed the unit. At that time, Wadlow entered L-1 unit, approached me and stated, "I'll be back to get you." Waldow then went into the officer's station, where Defendant Zaccone was working.

(3) On that same day at approxiamently 9:16 AM, Zaccone conducted rounds in the unit. Zaccone stopped at my cell door and stated, "You know what's about to happen, right?" Before I could reply, Zaccone walked off smiling and returned to the officer's station.

(4) At 9:45 AM that same day, all inmates were locked in their cells for count. As I was cleaning my cell I heard keys jingling and voices within the unit. I approached my cell door and noticed Defendant N. Austin and two other guards entering the officer's station occupied by Zaccone. Upon information and belief, these two individuals were Defendants A. Rose and M. Baughman.

(5) On this same day at approxiamently 10:15 AM, Zaccone and another prison guard conducted count. Approxiamently 10:30 AM., I looked out of my cell window and saw Wadlow entering L-1 unit. Between 10:35 and 10:40 AM the tray slot connected to my cell door suddenly dropped. A shooting munition appeared in the opening of the slot and began firing pellets into my cell. I was struck in the face, torso, and legs with objects from the device approxiamently fourteen times. When the firing ceased, the cell door opened and three-to-four guards rushed

16 - (1)

into the cell and commenced to attacking me. Upon information and belief, these individuals were Defendants A. Rose, M. Baughman, C. Wadlow, and N. Austin. I was immediately struck in my face and head with the shooting device and with walkie-talkies and fists from prison guards entering the cell. I fell to the floor, onto my stomach, wherein, the guards began kicking me in the head and back.

(6) During the assault I complied with all directives to lay down. I was already down on my stomach, spread-eagle. I repeatedly called out, "I can't breathe." Defendants continued plying on me as I laid on the floor. The numerous kicks and punches caused instant swelling to my left eye and were so extreme that I veered in and out of consciousness.

(7) While I layed on the floor the guards, all four of the named Defendants, handcuffed me and put me on a gurney. I again yelled, "I can't breathe." One of the guards then responded: "Shut that nigga up." Upon information and belief the guard making the comment was Defendant Wadlow. At that point I was hit and pounded in the head and face area with the cell door by guards. These blows <u>literally killed me</u>.

(8) I was eventually revived by medical personnel at FCI-Hazelton then subsequently transported to Ruby Memorial Hospital, where Defendants A. Rose and M. Baughman openly boosted to outside medical staff: "Yeah, we broke his

jaw"; and "We slammed a few doors on his head."

(9) While at Ruby Memorial, I was given catscans, MRI's, and X-Rays. I was treated for open-flesh wounds on my left arm and bruises to my face and head.

(10) On December 29, 2018, once I returned to FCI-Hazelton, Officer Zaccone initiated a bogus incident report against me stating that I self-multilated in my cell and that force was necessary to constrain me. Defendants Rose, Wadlow, Baughman and Austin submitted memorandums to this effect — all in an effort to justify assaulting me. The relevant pages of the incident report is attached at E-A.

## LEGAL CLAIMS

(11) Plaintiff re-alledges and incorporates by refenrence paragraphs 1-13.(1-11).

(12) Defendants C. Wadlow, N. Austin, Zaccone, A. Rose, and M. Baughman used excessive force against me by punching me in the face and kicking me while I was laying face-down on my stomach and was not doing anything to violate any prison rules or policy, and was not acting disruptively. Defendants' actions violated my Eighth Amendment Rights under the United States Constitution, and caused me pain, suffering, physical injury and emotional distress.

L13) Defendant Zaccone, by witnessing the other named defendants' actions, failing to report that misconduct, and by deliberately and knowingly fabricating an incident report in order to cover up the misconduct, and by encouraging same, also violated my Eighth Amendment rights, causing me pain, suffering, physical injury and emotional distress.

Dated: April 28, 2020

Respectfully submitted,

/s/

ANGEL MOORMAN, # 74306-067
USP-Canaan, P.O. Box 300
Waymart, Penn. 18472

CAA-1330.16
December 31, 2009
Attachment A

## ATTEMPT AT INFORMAL RESOLUTION
### (Request for Administrative Remedy)

The Federal Bureau of Prisons Program Statement 1330.16 Administrative Remedy Program,
dated December 31, 2007, requires that inmates attempt to informally present their complaint
to staff and allow staff to attempt to informally resolve any issue prior to the inmate filing a
Request for Administrative Remedy, BP.229(13). If informal resolution is unable to be
accomplished, the inmate will be given a BP.229(13)form.

**TO BE COMPLETED BY INMATE**

INMATE'S NAME: _Man'Man, A_     REG. NO.: _74306-067_ UNIT: _CHALKEMP_

1. Complaint (be specific. If related to UDC appeal, specify relevant section of Inmate Discipline
   Policy): On December 29, I was physically assaulted and attacked by various
   BOP prison officials while confined at FCI-Hazelton. Previously, I had filed
   a "sensitive" BP-9 to Mid-Atlantic Region about being assaulted by staff on
   a separate incident. As part of retaliation motives for that particular
   filing, staff at FCI-Hazelton proceeded to literally murder me. **See attach:**

2. What resolution is requested/expected:
   I request that the involved staff be disciplined by the Bureau and that
   proper investigation be conducted on my allegations of misconduct. I also
   seek monetary and compensatory damages and full prosecutions of staff.

**TO BE COMPLETED BY STAFF**

3. Summary of investigation (place response on this form): _____
   _See Attached_

4. What actions were taken to resolve this matter informally (place response on this form): _____
   _See Attached_

5. Explain reasons for no resolution (place response on this form): _____
   _See Attached_

Date & Time Issued (BP-8): _4/16/19 9:15_ Unit Team Member: _JM CSWCI_
Date & Time Returned (BP-8): _4/29/19_ Unit Team Member: _____ 
Date & Time Investigation on BP-8 Completed and (BP-9)BP229(13) Issued: _4/9/19_

Satellite Operations Administrator/Unit Manager Signature: _____

**Distribution:** (1) If complaint is informally resolved, forward the original, signed and dated by the
inmate, to the Unit Counselor for filing.
(2) If complaint is not informally resolved, forward the original (attached to BP-229(13)
form) to the Warden's Office.

On _____, this issue was informally resolved.

_____          _____
Inmate Signature                      Date

Informal Resolution- BP8 continuation:


On December 29, 2018, while I was confined inside my assigned
cell, various BOP correctional officers, to include C/O Rose
and C/O's N. Austin and M. Baughman (along with possible C/O
C. Wadlow), rushed into my cell tossing munitions and tear gas.
At that point, I was hit in the face and torso area with spray
guns approxiamently fourteen times. Once the firing ended, the
officers entered the cell and I was assaulted with the gun and
repeatedely punched in the face by the correctional officers.
Further, I was kicked and spat on. As I fell to the floor, I
was continuously beaten by C/O's Rose, Austin and Baughman
(and others unidentified presently). As I was placed in hand-
cuffs and put on a gurney, I complained about not being able to
breathe, but told by the officers to "shut up, nigga," and was
hit in the face with the cell door numerous times. I died from
this assault, and had to be revived at an outside hospital. As
I was being seen by medical staff at the hospital, officers,
to include Rose, bragged about "breaking my jaw." I received
numerous injuries due to this assault.
    After returning to the prison, I was placed in Special
Housing Unit, then subsequently put in suicide watch, with the
prison officials, to include Lt. Benton, fabricating a story
that I tried to commit suicide. At that point, Lt. Benton told
me that he should put a case on me for filing a sensitive BP-8
against another officer (Lt. Benton) previously.
    On or about 01/09/19, I received an incident report for an
alleged violation of BOP Code 228 and 307, for "self-mutilation"
and refusing to obey an order, when prison officials entered my
cell to kill me. The incident report was created by C/O Zaccone,
in an vain effort to cover-up the assault and due to retaliation
for filing the sensitive BP-8 to the region offices. At the DHO
hearing, I requested that staff provide a copy of the cameras'
footage which occurred on the day in question. However, staff
stated that such evidence was not available or failed to pre-
serve it. DHo explained that he (D. Huff) had reviewed the
camera but could not identify any evidence to support my claim
of falsification of the incident report.
    I was the victim of a hate crime that was inappropriately
covered up by BOP staff officials, as named herein. I was the
victim of retaliation methods employed by staff due to my filing
against staff for prior assault.

Dated: April 22, 2019.                    /s/
                                          ANGEL MOORMAN, #74306-067
                                          USP-Canaan, POB 300
                                          Waymart, PA., 18472

ATTEMPT AT INFORMAL RESOLUTION

Moorman #74306-062

3) It is the policy of the Federal Bureau of Prisons, and the practice followed by this facility to treat all inmates in a fair and impartial manner. Additionally, allegations such as yours are taken seriously and will be given an appropriate amount of review and/or investigation.   Due to the privacy interest of the staff members which you name, we are unable to disclose to you any findings or the result of our review of this matter.

4) I have spoken to staff about this incident.

5) This inmate does not wish to informally resolve this matter.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Moorman, Angel | #74386-067 | C-2 | USP-Canaan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I appeal because the response to my informal brief fails to disclose facts related to my complaint and the assault I endured at the hands of BOP staff. Moreover, the response fails to provide information concerning individuals involved and evidence as to the assault. The response cites "privacy interest" of staff, and explains that I cannot be informed about any finding as a result of investigation into the matter. I appeal to exhaust my remedies for future purposes and pursue the matter of my life being literally taken as a result of misconduct by staff. As stated, on December 29, 2018, I was assaulted to the point of death at the hands of CO's Austin, Baughman, and Wadlow (among others). I was beaten because of retaliations motives for filing a sensitive BP-9 against staff. Further, I was subjected to racial harrassment and misconduct due to my filings. I received a bogus incident report for self-mutilation due to my filings. Staff fabricated the incident report in an effort to ensure that the assault was justified.

| May 4, 2019 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                                            CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: 

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP–229(13)
APRIL 1982

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __MOORMAN ANGEL__  __74306-007__  __C2__  __USP-CANAAN__
LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.              UNIT              INSTITUTION

**Part A - REASON FOR APPEAL**

I APPEAL THE BP-9 RESPONSE OF THE WARDEN ON THE BASIS THAT SUCH RESPONSE IS REPETITIVE. SPECIFICALLY, I APPEAL BECAUSE BOP OFFICIALS ARE REFUSING TO INFORM ME AS TO THE "INVESTIGATION" BEING CONDUCTED BY THE BUREAU REGARDING THE ATTEMPT TO KILL (AND DOING SO) OF MY PERSON. THE RESPONSE FURTHER CITES THAT "ANY FINDINGS" DEALING WITH THE MATTER CANNOT AND WILL NOT BE DISCLOSED TO ME. THAT MEANS, I AM UNABLE TO PURSUE PROPER RECOURSE TO ADDRESS MY ATTACKERS (BOP OFFICIALS). FINALLY, I APPEAL BECAUSE THE PRISON REMEDY PROCESS IS INADEQUATE TO FURNISH A REDRESS DUE TO MY INJURIES AND/OR ACTIONS OF BOP STAFF INVOLVED. I EXHAUST MY REMEDIES TO BRING SUIT IN FEDERAL COURT, PURSUANT TO THE PLRA (PRISONER LITIGATION).

__6/18/2019__
DATE                                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

See Attached Response

_____                                    _____
DATE                                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: __977959R1__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.              UNIT              INSTITUTION

SUBJECT: _____

_____                                    _____
DATE                                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __MOORMAN    ANGEL_____ __74306-067__ __C2__ __USP-CANAAN__
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** THE REGIONS RELIANCE ON THE WARDENS RESPONSE TO MY BP-9 WAS MISPLACED. IN THE BP-9, THE WARDEN FAILED TO ADDRESS MY CLAIM AND RESOLUTIONS IN FULL. IN MY INITIAL REQUEST I ASKED FOR AN INVESTIGATION PERTAINING TO AN ASSAULT BY STAFF WHICH I SUFFERED ON 12/24/18, AS WELL AS OTHER REMEDIES. THE ASSAULT AND BATTERY ACTUALLY RESULTED IN MY DEATH. I HAD TO BE RELIEVED BY MEDICAL STAFF (SEE ATTACHED BP-8 FOR DETAILS) REGION CLAIMS THAT THE WARDEN ADEQUATELY ADDRESSED MY CLAIM AND THAT MY SPECIFIC ALLEGATIONS HAVE BEEN REFERRED FOR REVIEW VIA EMPLOYEE CONDUCT. THE WARDEN SAID A COMPLETE REVIEW WOULD BE CONDUCTED; HOWEVER THE RESULTS WOULD BE WITHHELD BECAUSE I AM NOT ENTITLED TO SUCH INFORMATION. THE ISSUE I HAVE IS TWO-FOLD. FIRST, IN MY RESOLUTION I ASKED FOR MORE THAN JUST AN IN-VESTIGATION; I SOUGHT "OTHER" REMEDIES, NAMELY, STAFF DISCIPLINE BY THE BOP, AS WELL AS AN AWARD OF MONETARY AND COMPENSATORY DAMAGES FOR THE PHYSICAL AND EMOTIONAL DAMAGE I SUFFERED AT THE HANDS OF STAFF. I ALSO STATED THAT I WAS SEEKING FULL PROSECUTION FOR CRIMINAL LIABILITY. NONE OF THE OTHER REMEDIAL REQUEST WERE ADDRESSED OR EVEN ACKNOWLEDGED BY THE WARDEN'S RESPONSE, RENDERING SUCH RESPONSE INADEQUATE. THE REGION CHOSE TO SIMPLY REITERATE THE WARDENS RESPONSE, ALSO FAILING TO ADDRESS THE CORRECTIVE MEASURES I SEEK. WITH THAT SAID, I ONLY RECEIVED A PARTIAL RESPONSE THAT...

__11/14/2019__   (SEE ATTACHMENT PAGE CONTINUATION.)                 
      DATE                                     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
      DATE                             GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE               CASE NUMBER: _____

**Part C - RECEIPT**

                                      CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____          _____
      DATE                       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

U. S. Department of Justice
Federal Bureau of Prisons
USP, Canaan, Pennsylvania

*Request for Administrative Remedy,*
*Part B - Response*

---

*Name*: Moorman, Angel
*Reg. No.*: 74306-067
*Admin. Remedy No.*: 977959-F1

---

This is in response to your Request for Administrative Remedy which
was received in this office on May 20, 2019.  You claim in your
Administrative Remedy that on December 29, 2018, while housed at
USP Hazelton you were assaulted by staff.

It is the policy of the Federal Bureau of Prisons, and the practice
followed by this facility to treat all inmates in a fair and impartial
manner. Additionally, allegations such as yours are taken seriously
and will be given an appropriate amount of review and/or
investigation.  Due to the privacy interest of the staff members
which you name, we are unable to disclose to you any findings or
the result of our review of this matter.

This response is for informational purposes only.  In the event you
are not satisfied with this response and wish to appeal, you may
do so within 20 calendar days of the date of this response by
submitting a BP-230(10) to the Regional Director, Federal Bureau
of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and
Chestnut Street, Philadelphia, PA 19106.

_____          _____
     E. Bradley, Warden                           Date

16-(5)

MOORMAN, ANGEL
Reg. No. 74306-067
Appeal No. 977959-R1
Page One

---

### Part B - Response

You appeal the response of the Warden of USP Canaan and allege staff
misconduct.  Specifically, you allege on December 29, 2018 you were
assaulted by staff at USP Hazelton.   You request to know the outcome
of the investigation.

A review of your appeal reveals the Warden adequately addressed your
complaint.   Your specific allegations have been referred for review
pursuant to Program Statement 3420.11, <u>Standards of Employee
Conduct</u>.   A thorough review will be conducted; however, the results
will not be disclosed to you, as you are not entitled to this
information.   Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.   Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of this
response.

Date: July 24, 2019

J. RAY ORMOND
Regional Director

16-(6)

**Administrative Remedy Number 977959-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal, wherein you claim you were assaulted by staff.  For
relief, you request this matter be investigated.

We have reviewed documentation relevant to your appeal and,
based on the information gathered, concur with the manner in
which the Warden and Regional Director addressed your concerns
at the time of your Request for Administrative Remedy and
subsequent appeal.  Allegations of staff misconduct are taken
seriously.  You were previously informed your complaints were
forwarded to the appropriate component of the agency for review.
No inmate is entitled to be apprised of the progress, outcome,
or disposition of any review of alleged staff misconduct.

Accordingly, this response is for informational purposes only.


_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

16-(7)

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _USP-CANAAN_ on _APRIL 28, 2020_.
            (Location)           (Date)

_____
Your Signature